[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION DISMISS
This is an action in five counts brought by a former tenant CT Page 2670 against its former landlords. The first count appears to allege an entry and detainer as defined in Section 47a-43[1] in Chapter 833 of the General Statutes, though express reference is not made in the complaint to the statute. The remaining counts assert actions of unfair trade practices, conversion, bailment, and negligence.
The plaintiff has alleged the following facts: Plaintiff and defendant entered a month to month agreement for the use and occupancy of commercial rental space. On or about January 1, 1992, the defendant entered the premises without the plaintiff's knowledge or consent, and changed the locks. As a result of the defendants repossession of the rental unit, the plaintiff was unable to remove and dispose of its assets.
This action was brought on January 21, 1994, more than two years after the alleged dispossession. In a decision in this case on a prior motion, the court noted that an entry and detainer count would be subject to a six month statute of limitations under Sec. 52-589[2] of the General Statutes and invited the parties to address the issue of whether the failure to commence the action within the six-month period deprived the court of jurisdiction.
That issue is now before the court. Defendants seek to dismiss the entire five count complaint. They argue the court lacks subject matter jurisdiction over Count One, the entry and detainer count, because it was not brought within the six month limitation period set out in Sec. 52-589. Defendants also contend that the court should dismiss plaintiffs other claims for lack of subject matter jurisdiction because an entry and detainer action is the only redress for the plaintiff against defendants alleged wrongdoing.
This court concludes that the first count of the plaintiff's revised complaint must be dismissed without reaching the statute of limitations issue. The first count of the revised complaint (as did the original complaint) states a cause of action under the entry and detainer statute. Entry and Detainer is a creature of statute and is in derogation of the common law[3]. As such, the statute must be strictly followed and narrowly construed.Cottman Tran. Sys. Inc. v. Hocap Corp. , No. CV97-0340755S (Jun. 6, 1997) 1997 Ct. Sup. 6227. To confer jurisdiction on the court over an action for forcible entry and detainer, the complainant must follow the procedures laid out in C.G.S. Sec. 47a-43. Those CT Page 2671 procedures were not complied with in the present case. Though required by Sec. 47a-43, no record exists that plaintiff exhibited his complaint to any judge of the superior court, or that any superior court judge issued a summons to the defendants in accordance with Sections 47a-43 (b) and (c). The failure of plaintiff to follow the statutory procedure deprives this court of jurisdiction over the first count.
Count One of plaintiff's Revised Complaint is dismissed.
Entry and Detainer is not the only avenue open to plaintiff to redress its alleged harm. Counts two through five of the revised complaint set forth causes of action sounding in unfair trade practices, conversion, bailment and negligence. The court retains jurisdiction over those counts. See Southland Corp v.Vernon, 1 Conn. App. 439 (1984).
Tanzer, J.